# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JOSE RODRIGUEZ-FLORES,<br>    Defendant. | CRIMINAL ACTION NO. 5:13-97-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court upon the defendant's motions in limine to exclude the defendant's prior convictions (DE 203) and to exclude evidence from an April 26, 2011 traffic stop (DE 204).[1] Trial is scheduled to commence October 6, 2014.

## I. BACKGROUND

Defendant Jose Rodriguez-Flores was indicted on July 11, 2013 on two counts (DE 1). Count 1 alleges that beginning in or about April 2011 and continuing until or about June 2013, the defendant—among others—conspired to distribute oxycodone in violation of 18 U.S.C. § 846. Count 2 alleges that during this same time period, the same individuals conspired to launder money in violation of 18 U.S.C. § 1956(h). Seventeen defendants were indicted on Counts 1 and 2, including Israel Ortiz-Velasco and Josiel Flores. (DE 251).

## II. MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS

Defendant Jose Rodriguez-Flores filed one motion in limine to exclude the United States from introducing any evidence of his prior criminal record. In its response, the United States withdrew its notice of intent to introduce Rodriguez-Flores's prior convictions in its

---

[1] The Court emphasizes that a ruling on a motion in limine is a preliminary opinion that helps the parties formulate their trial strategy; however, the Court may change its ruling if it is later deemed appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

case in chief but reserved the right to introduce this evidence for other permissible evidentiary reasons. (DE 485).

### III. MOTION IN LIMINE TO EXCLUDE APRIL 26, 2011 TRAFFIC STOP

On April 26, 2011, a sheriff's deputy in Butts County, Georgia initiated a traffic stop on Interstate 75 because the vehicle was traveling approximately ten miles per hour below the speed limit and impeding traffic. During the traffic stop, the deputy asked the driver—Josiel Flores—to exit the vehicle, and a pat down revealed that Josiel Flores possessed approximately $10,000.00 in cash. The passengers, Israel Ortiz-Velasco and Jose Rodriguez-Flores, possessed approximately $6,000.00 and $400.00 in cash respectively. The deputy also discovered approximately $124,000.00 hidden in the vehicle's doors. All the currency found during the traffic stop was secured by various colored rubber bands. In addition to the currency, the deputy observed a number of plastic bags containing a white powder residue that later tested positive for opiates. The deputy detained defendants Jose Rodriguez-Flores, Israel Ortiz-Velasco, and Josiel Flores for interviews but did not arrest the defendants.

Defendant Rodriguez-Flores filed a second motion in limine to exclude any evidence relating to the traffic stop, including a video recording of the traffic stop and any evidence relating to the currency found. Rodriguez-Flores asserts that any evidence pertaining to the traffic stop is irrelevant; or, alternatively, that the prejudicial nature of the evidence outweighs the probative value. Rodriguez-Flores also contends that the evidence qualifies as impermissible "other act" evidence.

Evidence is relevant if it has any tendency to make a determinative fact more or less probable. Fed. R. Evid. 401; *see also Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (noting Rule 401's "extremely liberal" relevance standard). Here, Rodriguez-Flores—along

2

with Israel Ortiz-Velasco, Josiel Flores, and fourteen others—is charged with conspiracy to distribute oxycodone, an opiate, and conspiracy to launder money from April 2011 to June 2013. The April 26, 2011 traffic stop yielded evidence of numerous baggies with opiate residue and over $140,000.00 in cash. This evidence is relevant to demining the underlying actions of the conspiracy along with the members of the conspiracy and their relationship to one another.

Secondly, relevant evidence is inherently prejudicial but is inadmissible only if its probative value is substantially outweighed by a danger of prejudice, confusion, waste of time, or other reasons. Fed. R. Evid. 403; *see also United States v. Bond*, 12 F.3d 540, 574 n.30 (6th Cir. 1993) (emphasizing the substantial degree with which risk of prejudice must outweigh probative value). "Unfair prejudice, as used in Rule 403, does not mean the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986) (internal citations omitted). Evidence from the traffic stop is damaging, but this evidence directly addresses determinative facts at issue in the case. Thus, the prejudicial effect of the evidence does not substantially outweigh its probative value.

Finally, evidence of a defendant's other acts may not be admitted to prove the defendant's character to commit the charged offense and action in conformity with the character. Fed. R. Evid. 404(b). But not all prior acts implicate Rule 404(b). Actions that are a part of a "criminal episode" or a "continuing pattern of illegal activity," especially if those actions occur simultaneously with the alleged offenses, are not subject to Rule 404(b). *United States v. Chalmers*, 554 F. App'x 440, 449 (6th Cir. 2014) (citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995) (defining such actions as "intrinsic acts" that are

not subject to Rule 404(b))). Further, Rule 404(b) addresses impermissible use of character evidence, not direct evidence of the underlying crime. *United States v. Price*, 329 F.3d 903, 906 (6th Cir. 2003) ("Rule 404(b), however, does not apply to evidence that itself is probative of the crime charged, without regard to whether any 'other act' occurred."). Here, the United States is not introducing evidence of the traffic stop as *character* evidence, but rather as direct evidence of the conspiracy. Therefore, Rule 404(b) does not apply.

\* \* \*

Accordingly, and for the above-stated reasons, **IT IS ORDERED** that

1. Rodriguez-Flores's motion in limine (DE 203) is **GRANTED** as conceded by the United States. The United States is directed to approach the bench before seeking to introduce such evidence at trial if the United States deems that the circumstances changed and that presenting evidence of prior convictions would be appropriate; and

2. Rodriguez-Flores's motion in limine (DE 204) is **DENIED**.

Dated this 10th day of September, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY